**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **In Chapter 13** |
| | ) | **Case No. 21-03418** |
| **IRFAN MOTEN,** | ) | **Honorable Donald R. Cassling** |
| | ) | |
| **Debtor.** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **FRUCTUOUSO ZAVALA-ALVAREZ,** | ) | |
| | ) | **Adversary Case No.** |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **IRFAN MOTEN,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**COMPLAINT TO DETERMINE DISCHARGE AND DISCHARGEABILITY**

Plaintiff, FRUCTUOUSO ZAVALA-ALVAREZ, ("Zavala"), by and through his

attorneys, Barbara L. Yong and Caren A. Lederer of GOLAN CHRISTIE TAGLIA LLP, as and

for his Adversary Complaint to determine the dischargeability of debt pursuant to 11 U.S.C.

§523(a)(2), (a)(4), and/or §727(a) states as follows:

**PARTIES**

1.     Plaintiff, Fructuouso Zavala-Alvarez, is an individual who resides in Illinois, and

is a former employee of the Delhi Darbar restaurant.

2.     Debtor, Irfan Moten, at all relevant times, was the president and owner of Darbar

Management, Inc., the entity operating the Delhi Darbar restaurant.[1]

---

[1] Debtor claimed to have sold the restaurant business to a long-time close friend and insider in the third quarter 2019; however, there were no documents prepared and no funds exchanged. Plaintiff is challenging this as a fraudulent transfer in the Wage Claim Litigation (defined herein).

1

## JURISDICTION AND VENUE

3.      This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      By Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination, as permitted by 28 U.S.C. § 157(a).

5.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (J), and (O).

## FACTUAL BACKGROUND

6.      Zavala worked at the Delhi Darbar restaurant for twenty (20) years, until May, 2019, as a dishwasher, cleaner, and food preparer. He regularly worked over forty hours a week.

7.      Believing he was improperly paid wages and overtime, Zavala filed suit against Darbar Management, Inc., and its owners and operators (including Debtor, individually) in the Northern District of Illinois, captioned *Zavala-Alvarez v. Darbar Management, Inc., et al.,* 19 C 4041, Hon. D. Seeger, presiding (the "Wage Claim Litigation").  Zavala seeks his unpaid wages, overtime and damages for violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. ("IMWL"), and the Chicago Minimum Wage Ordinance, §1-24-0 ("CMWO").  A copy of the Second Amended Complaint in the Wage Claim Litigation is attached hereto as Exhibit 1.

8.      By virtue of his ownership and control over the restaurant business, his authority and control of employee schedules and conditions of payment, Debtor is an "employer" under each of the FLSA, IMWL, and CMWO.

9.      Material issues in the Wage Claim Litigation included the revenue of the restaurant (which triggers enterprise liability), and the payment of wages to plaintiff and others (which establishes violations and applicable damages).

10.     Defendants, specifically including Debtor, did not participate in the Wage Claim Litigation in good faith. Instead, Debtor personally and deliberately falsified the timecard records of plaintiff by filling in fictitious information about days and hours worked.  Debtor then produced those falsified timecards as evidence in the Wage Claim Litigation and falsely attested to their authenticity on multiple occasions. Separately, Debtor also produced and proffered certain tax returns and filings, which contained materially false information.

11.     Magistrate Judge Fuentes, to whom the case was referred for discovery supervision, held an evidentiary hearing over two separate days, ultimately exposing the deliberately perpetrated fraud of Debtor upon the Plaintiff and the Court. A copy of the Report and Recommendation, dated January 25, 2021, is attached hereto as Exhibit 2.

12.     The Magistrate catalogued the Debtor's sworn testimony contradicting prior sworn testimony, and his "pattern of obfuscation, obstruction, and outright lies" that rendered "virtually everything plaintiff had been told in written and oral discovery about the nature and quality of defendants' proof of his work hours and of the restaurant's revenue stream was false or wholly unreliable."

13.     Among the false testimony given by Debtor, individually, in the Wage Claim Litigation, the Magistrate found that the Debtor

> …testified on the witness stand that he was present during the fabrication of the Time Cards, and that his handwriting appears on some of them.  This was an admission that Irfan Moten's own sworn verifications were false, that from the first set of discovery responses on November 4, 3029, through the supplemental responses on January 31 and February 13, 202 and at least through his March 4, 2020 deposition testimony, he fully knew that no authentic time cards existed, and

that the ones he and Darbar Management had produced were fabricated by him. Imran Moten, and Salim Moten in an effort to create a favorable record for purposes of the litigation. This was nothing short of perjury, designed to hide the fact that the Time Cards were fabricated and to foist those Time Cards upon plaintiff and the Court as genuine, credible evidence that plaintiff's work hours did not rise to to a volume that would trigger the defendants' liability under the FLSA.

Exhibit 2, at p. 16-17.   The Magistrate also catalogued at least fifteen other specific misrepresentations of facts made to the Plaintiff and therefore to the Court.  Exhibit 2, at pages 11-13.

14.    As a sanction for the Debtor's perjury, the Magistrate recommended, and the District Court imposed, a bar against Debtor (and the company) from presenting any evidence related to the restaurant's income or payment of wages.  In addition, the Court invited, and later entered an order against Debtor (and the company) for Plaintiff's attorney's fees and costs incurred in the litigation necessitated by Debtor's fraud.  The fee award totaled $67,157.55.

15.    The Wage Claim Litigation is proceeding as against all defendants; the automatic stay imposed by Section 362 was modified on June 10, 2021, to permit the Wage Claim Litigation to proceed to judgment against Debtor on all claims.

16.    Both the underlying wages, overtime, and statutory penalties and fees sought in the Wage Claim Litigation, and the sanctions imposed by the District Court as a result of Debtor's perjury and fabrication of evidence therein, should be declared non-dischargeable by this Court.

## COUNT I : DENIAL OF DISCHARGEABILITY
11 U.S.C 523(a)(2)

17.    The allegations of Paragraphs 1- 16 are incorporated herein as though set forth in full.

4

18.    Section 523(a) of the United States Bankruptcy Code provides that a discharge under 1328(b) does not discharge debts -

(2)    for money, property services or extent, to the extent obtained by:

(A)    false pretenses, a false representation or actual fraud; or

(B)    use of a statement in writing:

i.    materially false;
ii.    representation Debtor or insider fx cond;
iii.    on which creditor relied; and
iv.    debtor provided with intent to deceive.

U.S.C. § 523(a)(2)(A) and (B).

19.    Debtor fraudulently underpaid or caused his company to underpay Zavala each pay period for over four years; each payment of cash wages was improperly calculated and tendered as if it was correct.  The amounts not paid to Zavala were obtained by Darbar (and thus Debtor) by false pretense or false representation or actual fraud. As such, Debtor is not entitled to discharge under § 523(a)(2)(A).

20.    Each knowingly wrong wage payment was materially false in that it was the wrong amount; was in respect of the restaurant's (an insider's) financial condition, on which Zavala reasonably relied; and was provided to Zavala with intent to deceive him into continuing to work for illegal wages. Debtor is not entitled to discharge under §523(a)(2)(B).

## COUNT II: DENIAL OF DISCHARGEABILITY
11 U.S.C 523(a)(4)

21.    The allegations of paragraphs 1- 19 are incorporated herein as if set forth in full.

22.    Section 523(a)(4) of the Bankruptcy Code provides that a discharge under §1328(b) does not discharge debts for fraud or defalcation while acting in fiduciary capacity; embezzlement or larceny.

5

23.    Debtor stood in fiduciary capacity to Zavala, as sole owner of the corporation and responsible party for wages, Zavala believed and trusted Debtor to properly pay his wages and overtime hours in compliance with applicable law.

24.    To the extend Debtor stood in a fiduciary capacity, Debtor is not entitled to discharge under § 523(a)(4).

## COUNT III: DENIAL OF DISCHARGE
11 U.S.C. 727(a)

25.    The allegations of paragraphs 1- 24 are incorporated herein as if set forth in full.

26.    Section 727(a) of the Bankruptcy Code provides that the Court shall grant discharge unless:

(2)    the debtor, with intent to hinder delay or defraud a  creditor, […] has transferred, removed, destroyed, mutilated or concealed –
(A) property of the debtor, within one year before the date of the filing of the petition;; or
(B) property of the estate, after the date of the filing of the petition;

(3)    the debtor has destroyed,  concealed,  mutilated, falsified,  or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which Debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case.

(4)    the debtor knowingly and fraudulently, in connection with the case -

(A)    made false oath or account;
(B)    presented or used a false claim;
(C)    gave, offered, received or attempted to obtain money, property or advantage (or promise) for acting and/or not acting; and
(D)    withheld from the Estate any information relating to Debtor's property.

(5)    the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities;

6

27.     To the extent Debtor actually transferred the restaurant business to an insider or any other party within one year of the Petition Date, said transfer, together with the findings of the Magistrate and District Court in the wage Claim Litigation, was with the intent to hinder, delay or defraud the Plaintiff, and Debtor is not entitled to discharge of any debts pursuant to 11 U.S.C. 727 (a) (2).

28.     Even if the Debtor did not transfer (or the transfer is set aside as fraudulent), the District Court has already found that the Debtor destroyed, concealed, falsified, and failed to preserve records and papers from which the financial condition and business transactions can be ascertained.

29.     Debtor testified at deposition that he was a licensed real estate agent with an office in Lincolnwood, Illinois.  He further testified that he works at or owns a gas station.  The transcript is attached as Exhibit 3.  This income is not disclosed in Debtor's petition or schedules and its omission from the sworn schedules constitutes both (i) a false oath in connection with the case, meriting denial of discharge under § 727(a)(4)(A), and (ii) a withholding of material information, meriting denial of discharge under (a)(4)(D).

30.     The material omissions and deficiencies in the schedules and statement of financial affairs also constitutes a failure of the Debtor to satisfactorily explain his loss or deficiency of assets, meriting denial of discharge under (a)(5).

WHEREFORE, Plaintiff, FRUCTUOUSO ZAVALA-ALVAREZ, prays for a judgment against Debtor Irfan Moten, the denial of his discharge under 11 U.S.C. § 727, and for such other and further relief as the Court deems just and proper.

Dated: June 11, 2021                          FRUCTUOUSO ZAVALA-ALVAREZ,

/s/ _Caren A. Lederer_
Caren A. Lederer
One of His Attorneys

Barbara L. Yong (ARDC #6184000)
Caren A. Lederer (ARDC #6244631)
GOLAN CHRISTIE TAGLIA LLP
Attorneys for Fructuouso Zavala-Alvarez
70 West Madison, Suite 1500
Chicago, Illinois 60602
312-263-2300
312.696.1359
blyong@gct.law
calederer@gct.law

8