# EXHIBIT 1

Case: 24-00096 Case: 1:19-cv-04041 Document: 142 Filed: 06/14/21 Entered: 05/21/26 Page: 1 of 56 25 Page ID #: 266 Exhibit

Exhibit 1    Page 2 of 17

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| FRUCTUOSO ZAVALA-ALVAREZ, an individual, a/k/a ALBERTO ZAVALA, | ) ) ) | Case No. 1:19-cv-04041 |
| Plaintiff, | ) ) | |
| v. | ) ) | Honorable Steven C. Seeger |
| DARBAR MANAGEMENT, INC., an Illinois corporation d/b/a DELHI DARBAR KABAB HOUSE, IRFAN MOTEN an individual, M. SALIM MOTEN, an individual, IMRAN MOTEN, an individual, SKAANZ ENTERPRISE, INC., an Illinois corporation, and ASIF RANGOONWALA, an individual, | ) ) ) ) ) ) ) ) ) ) ) ) | Magistrate Judge Gabriel A. Fuentes |
| Defendants. | ) | |

## SECOND AMENDED COMPLAINT

The Plaintiff, Fructuoso Zavala-Alvarez ("Zavala"), by and through his attorney,

Timothy M. Nolan of the Nolan Law Office, complains against Defendants, Darbar

Management, Inc., an Illinois corporation d/b/a Delhi Darbar Kabab House ("Delhi Darbar"),

Irfan Moten ("Irfan Moten"), M. Salim Moten ("Salim Moten"), Imran Moten ("Imran Moten"),

Skaanz Enterprise, Inc. ("Skaanz Enterprise") and Asif Rangoonwala ("Rangoonwala"),

(collectively the "Defendants"), as follows:

**NATURE OF THE SUIT**

1.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §

201, *et seq.,* the Illinois Minimum Wage Law ("IMWL"), 820 ILCS § 105/1, *et seq*., and the

Chicago Minimum Wage Ordinance ("CMWO"), § 1-24-10 of the Municipal Code of Chicago,

for Defendants' failure to pay Plaintiff statutory minimum wages and overtime compensation for

1

hours worked over forty (40) in a work week, while compensating the Plaintiff on an improper salary basis. Plaintiff also asserts claims under the Illinois Uniform Fraudulent Transfer Act, 740 ILCS § 160/1, et seq. ("IUFTA") to set aside the conveyance of the Delhi Darbar Kabab House restaurant business because that transfer is fraudulent as to the Plaintiff. Plaintiff is a former dishwasher, food preparer and cleaner at Defendants' Delhi Darbar restaurant.

**JURISDICTION AND VENUE**

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiff's state law and municipal ordinance claims pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), because the facts and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

4.      Plaintiff Zavala is a former employee of the Defendants' Delhi Darbar restaurant located at 3010 W. Devon Avenue in Chicago, Illinois. Plaintiff Zavala worked as a dishwasher, food preparer and cleaner at the Delhi Darbar restaurant for approximately twenty (20) years ending on May 24, 2019.

5.      During the course of his employment, Plaintiff regularly used and handled goods and materials, including perishable food and food products, cleaning products, and tools which moved in interstate commerce prior to being used or purchased in Illinois.

6.      Plaintiff resides in and is domiciled in this judicial district.

7.      At all times relevant including the period from at least January, 2016 through September, 2019, Defendant Darbar Management, Inc. did business as the Delhi Darbar Kabab

House restaurant on Devon Avenue in Chicago, Illinois and was engaged in selling and serving prepared food and beverages to customers for consumption on and off its premises.

8.      Upon information and belief, Defendant Delhi Darbar earned more than $500,000.00 in annual gross revenue during 2016, 2017, 2018 and 2019.

9.      Defendant Delhi Darbar is registered in Illinois as a corporation and its officers, registered agent and principal office are located within this judicial district.

10.     At all times relevant including the period from at least January, 2016 through September, 2019, Defendant Irfan Moten was an owner of the Delhi Darbar restaurant and was the president of the restaurant's operating entity, Defendant Darbar Management, Inc.

11.     At all times relevant including the period from at least January, 2016 through September, 2019, Defendant Salim Moten was a manager of the Delhi Darbar restaurant.

12.     At all times relevant including the period from at least January, 2016 through September, 2019, Defendant Imran Moten was also a manager of the Delhi Darbar restaurant.

13.     At all times relevant to this action, Defendants Irfan Moten, Salim Moten and Imran Moten possessed extensive oversight over the Delhi Darbar restaurant and its business operations. Defendants Irfan Moten, Salim Moten and Imran Moten were the ultimate decision-makers with respect to Defendants' payroll and wage and hour practices; they possessed the authority to hire and fire Defendants' employees; supervised and controlled employee work schedules or conditions of employment; determined rate and method of payment; and maintained employment records.

14.     Upon information and belief, Defendants Irfan Moten, Salim Moten and Imran Moten reside in and are domiciled within this District.

3

15.     On or about September 30, 2019, Defendants Irfan Moten and Darbar Management, Inc. conveyed the Delhi Darbar restaurant business to Defendants Skaanz Enterprise, Inc. and Asif Rangoonwala.

16.     Defendant Skaanz Enterprise, Inc. is registered in Illinois as a corporation and its officers, registered agent and principal office are located within this judicial district. Skaanz Enterprise was formed on September 30, 2019.

17.     Defendant Rangoonwala is the owner, registered agent and principal officer of Skaanz Enterprise. Defendant Rangoonwala is also a former employee of Darbar Management, Inc. and the Delhi Darbar restaurant.

18.     Since September, 2019, Defendant Rangoonwala possessed oversight over the Delhi Darbar restaurant and its business operations.

19.     On information and belief, Defendant Rangoonwala resides in and is domiciled within this District.

**COMMON ALLEGATIONS**

20.     During the period from June, 2016 through May 24, 2019, Plaintiff regularly worked at Defendants' Delhi Darbar restaurant six (6) days a week including Monday, Wednesday, Thursday and Sunday from 4:00 p.m. to 3:00 a.m., and Friday and Saturday from 4:00 p.m. to 4:00 a.m. Plaintiff typically did not work on Tuesday.

21.     Based on his schedule, Plaintiff regularly worked sixty-eight (68) hours in individual workweeks from June, 2016 through May 24, 2019.

22.     Defendants paid Plaintiff a weekly salary in the following amounts: $450.00 during the period from June, 2016 through mid-March, 2019; $470.00 during the second half of March, 2019; and, $500.00 during April and May, 2019.

4

23.    Defendants paid Plaintiff below the federal, state and municipal minimum wage rates.

24.    Defendants did not compensate Plaintiff at one and one-half times his regular hourly rate of pay for hours worked in excess of forty (40) in individual workweeks.

25.    Defendants never paid Plaintiff an overtime premium when he worked more than 40 hours in a workweek.

26.    In violation of the statutes and implementing regulations of the FLSA, IMWL and CMWO, 29 C.F.R. § 516, 820 ILCS § 105/8, and Ill. Adm. Code 210.700, Defendants failed to create, maintain, and preserve complete and accurate payroll records for Plaintiff.

## COUNT I
### Violation of the Fair Labor Standards Act – Overtime Wages
(Defendants Darbar Management, Inc., Irfan Moten, M. Salim Moten, and Imran Moten)

27.    Plaintiff hereby incorporates paragraphs 1 through 14 and 20 through 26 as though stated herein.

28.    Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

29.    Plaintiff was not exempt from the overtime wage provisions of the FLSA, 29 U.S.C. § 207, 213.

30.    Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

31.    Defendant Delhi Darbar is an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203 (a)(1), and operated as an enterprise engaged in commerce within the meaning of the FLSA, U.S.C. 29 § 203(s)(1)(a).

5

32.    Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff worked more than forty (40) hours, Defendants were obligated to pay him at a rate of one and one-half times his regular hourly rate of pay for all hours worked over forty (40) in a workweek.

33.    Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

34.    Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff's overtime wages was willful and not in good faith. Defendants at all times failed to pay overtime compensation even though Plaintiff was scheduled to work and did work more than forty (40) hours in a workweek, and Defendants further avoided overtime wage obligations by placing Plaintiff on an illegal salary compensation plan paid in cash "under the table". On information and belief, Defendants' cash wage payments were not reported to federal and state tax and revenue agencies. Additionally, Defendants failed to record the number of hours worked by Plaintiff and other non-exempt employees, and otherwise violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Fructuoso Zavala-Alvarez, prays for a judgment against Defendants, Darbar Management, Inc. d/b/a Delhi Darbar Kabab House, Irfan Moten, M. Salim Moten and Imran Moten, as follows:

A.    Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.    Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.    Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Fair Labor Standards Act – Minimum Wages
(Defendants Darbar Management, Inc., Irfan Moten, M. Salim Moten, and Imran Moten)

35.    Plaintiff hereby incorporates paragraphs 1 through 14 and 20 through 26 as though stated herein.

36.    Throughout his employment with Defendants, Plaintiff was an "employee" of the Defendants as defined in the FLSA, 29 U.S.C. § 203(e)(1).

37.    Plaintiff was not exempt from the minimum wage provisions of the FLSA, 29 U.S.C. § 206, 213.

38.    During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the FLSA, 29 U.S.C. § 203(d).

39.    Defendant Delhi Darbar is an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), and operates as an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. § 203(s)(1)(A).

40.     Pursuant to 29 U.S.C. § 206, Plaintiff was entitled to be compensated according to the applicable minimum wage rate.

41.    Defendants' violation of the Fair Labor Standards Act by refusing to pay Plaintiff minimum wages was willful and not in good faith. Defendants concealed their failure to pay minimum wages by paying Plaintiff with cash "under the table" and providing no wage statement records. On information and belief, Defendants' cash wage payments were not reported to federal and state tax and revenue agencies. Additionally, Defendants failed to record the number of hours worked by Plaintiffs and other non-exempt employees, and otherwise violated the Act's recordkeeping regulations.

**WHEREFORE**, the Plaintiff, Fructuoso Zavala-Alvarez, prays for a judgment against Defendants, Darbar Management, Inc. d/b/a Delhi Darbar Kabab House, Irfan Moten, M. Salim Moten and Imran Moten, as follows:

A.    Judgment in the amount of unpaid minimum wages found due;

B.    Liquidated damages in an amount equal to the amount of unpaid minimum wages found due;

C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.    Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law – Overtime Wages
(Defendants Darbar Management, Inc., Irfan Moten, M. Salim Moten, and Imran Moten)

42.    Plaintiff hereby incorporates paragraphs 1 through 14 and 20 through 26 as though stated herein.

43.    Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

44.    Plaintiff was not exempt from the overtime wage provisions of the IMWL, 820 ILCS § 105/1 *et seq*.

45.    Throughout Plaintiff's employment, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

46.    Pursuant to 820 ILCS § 105/4(a), for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

8

47.    Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the IMWL, 820 ILCS § 105/4(a).

**WHEREFORE**, the Plaintiff, Fructuoso Zavala-Alvarez, prays for a judgment against Defendants, Darbar Management, Inc. d/b/a Delhi Darbar Kabab House, Irfan Moten, M. Salim Moten and Imran Moten, as follows:

A.    Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.    Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments through February, 2019 and five percent (5%) thereafter;

C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.    Such other and further relief as this Court deems appropriate and just.

### COUNT IV
### Violation of the Illinois Minimum Wage Law – Minimum Wages
(Defendants Darbar Management, Inc., Irfan Moten, M. Salim Moten, and Imran Moten)

48.    Plaintiff hereby incorporates paragraphs 1 through 14 and 20 through 26 as though stated herein.

49.    Throughout his employment with Defendants, Plaintiff was an "employee" under the IMWL, 820 ILCS § 105/3(d).

50.    Plaintiff was not exempt from the minimum wage provisions of the IMWL, 820 ILCS § 105/4.

51.    During the last three years before the filing of this suit, Defendants were each an "employer" as defined in the IMWL, 820 ILCS § 105/3(c).

9

52.    Pursuant to 820 ILCS § 105/4, Plaintiff was entitled to be compensated according to the applicable minimum wage rate under the IMWL.

**WHEREFORE**, the Plaintiff, Fructuoso Zavala-Alvarez, prays for a judgment against Defendants, Darbar Management, Inc. d/b/a Delhi Darbar Kabab House, Irfan Moten, M. Salim Moten and Imran Moten, as follows:

A.    Judgment in the amount of unpaid minimum wages found due;

B.    Statutory interest damages in the amount of two percent (2%) per month of the amount of underpayments through February, 2019 and five percent (5%) thereafter;

C.    Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.    Such other and further relief as this Court deems appropriate and just.

### COUNT V
### Violation of the Chicago Minimum Wage Ordinance – Overtime Wages
(Defendants Darbar Management, Inc., Irfan Moten, M. Salim Moten, and Imran Moten)

53.    Plaintiff hereby incorporates paragraphs 1 through 14 and 20 through 26 as though stated herein.

54.    Plaintiff was an "employee" under the CMWO § 1-24-10 of the Municipal Code of Chicago and was not exempt from the overtime wage provisions of the CMWO § 1-24-050.

55.    Defendants were each an "employer" as defined in the CMWO § 1-24-10.

56.    Under § 1-24-040, for all weeks during which Plaintiff worked more than forty (40) hours, he was entitled to be compensated at a rate of one and one-half times his regular hourly rate of pay.

57.    Defendants' failure and refusal to pay overtime wages for hours worked in excess of 40 per week was a violation of the maximum hour provisions of the CMWO § 1-24-040.

10

**WHEREFORE**, the Plaintiff, Fructuoso Zavala-Alvarez, prays for a judgment against Defendants, Darbar Management, Inc. d/b/a Delhi Darbar Kabab House, Irfan Moten, M. Salim Moten and Imran Moten, as follows:

A.      Judgment in the amount of unpaid overtime compensation found due at the rate of one and one-half times Plaintiff's regular hourly rate of pay for all hours which Plaintiff worked in excess of forty (40) hours per week;

B.      Statutory interest damages in the amount of three times the amount of unpaid overtime;

C.      Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.      Such other and further relief as this Court deems appropriate and just.

### COUNT VI
### Violation of the Chicago Minimum Wage Ordinance – Minimum Wages
(Defendants Darbar Management, Inc., Irfan Moten, M. Salim Moten, and Imran Moten)

58.     Plaintiff hereby incorporates paragraphs 1 through 14 and 20 through 26 as though stated herein.

59.     Plaintiff was an "employee" under the CMWO, § 1-24-10 of the Municipal Code of Chicago, and was not exempt from the minimum wage provisions of the CMWO, § 1-24-050.

60.     Defendants were each an "employer" as defined in the CMWO, § 1-24-10.

61.     Under § 1-24-020(a), Plaintiff was entitled to be compensated according to the minimum wage requirements of CMWO.

62.     Defendants' failure and refusal to pay wages at the minimum wage rates was a violation of the minimum wage provisions of the CMWO § 1-24-040.

**WHEREFORE**, the Plaintiff, Fructuoso Zavala-Alvarez, prays for a judgment against Defendants, Darbar Management, Inc. d/b/a Delhi Darbar Kabab House, Irfan Moten, M. Salim Moten and Irman Moten, as follows:

11

A.     Judgment in the amount of unpaid minimum wages found due;

B.     Statutory damages in the amount of three times the amount of unpaid minimum wages found due;

C.     Reasonable attorneys' fees and costs incurred in filing and prosecuting this action; and

D.     Such other and further relief as this Court deems appropriate and just.

## COUNT VII
### Fraudulent Transfer Under the Illinois Uniform Fraudulent Transfer Act - § 160/6(a)

63.     Plaintiff hereby incorporates paragraphs 1 through 26 as though stated herein.

64.     Plaintiff asserts this contingent claim against Defendants, Skaanz Enterprise, Inc. and Asif Rangoonwala, under Section 160/6(a) of the IUFTA.

65.     Section 6(a) of the IUFTA provides that "a transfer…is fraudulent as to a creditor whose claim arose before the transfer was made…if the debtor made the transfer…without receiving reasonably equivalent value in exchange for the transfer…and…the debtor became insolvent as a result of the transfer…." 740 ILCS § 160/6(a).

66.     Plaintiff is a creditor under Section 160/2(c)-(d) of the IUFTA having asserted his claim for payment of wages against his former employers including Defendants Darbar Management, Inc. and Irfan Moten when he filed his lawsuit on June 17, 2019.

67.     On or about September 30, 2019, Defendants Darbar Management, Inc. and Irfan Moten transferred the Delhi Darbar Kabab House restaurant business and all of its assets to Defendfants, Skaanz Enterprise, Inc. and Asif Rangoonwala.

68.     Defendants, Darbar Management, Inc. and Irfan Moten, transferred the Delhi Darbar Kabab House restaurant business and all of its assets to Defendants, Skaanz Enterprise, Inc. and Asif Rangoonwala, without receiving equivalent value in exchange for the transfer.

Indeed, Defendants, Darbar Management, Inc. and Irfan Moten, received nothing of value in exchange for the transfer.

69.    The sole asset of Defendant Darbar Management, Inc. at the time of the transfer was the Delhi Darbar Kabab House restaurant business.

70.    As a result of the transfer of the Delhi Darbar Kabab House restaurant business and all of its assets to Defendants, Skaanz Enterprise, Inc. and Asif Rangoonwala, Defendant Darbar Management, Inc. was rendered wholly insolvent.

**WHEREFORE**, in the event Plaintiff obtains a money judgment on any of his claims in Counts I-VI above, Plaintiff respectfully requests judgment to be entered in his favor and against Defendants, Skaanz Enterprise, Inc. and Asif Rangoonwala, for the following:

A.    A finding that the transfer by Defendants Darbar Management, Inc. and Irfan Moten of the Delhi Darbar Kabab House restaurant business to Defendants Skaanz Enterprise, Inc. and Asif Rangoonwala was fraudulent as to the Plaintiff;

B.    An order voiding the transfer in order to satisfy any judgment entered in favor of the Plaintiff on Counts I-VI;

C.    Order Defendants, Skaanz Enterprise, Inc. and Asif Rangoonwala, to pay Plaintiff the sum of any judgment obtained together with post-judgment interest;

D.    Attaching any judgment obtained by Plaintiff on Counts I-VI against the Delhi Darbar Kabab House restaurant business until such judgment is satisfied;

E.    Enjoining any further transfer or disposition of the Delhi Darbar Kabab House restaurant business including any of its assets or revenue that could be used to satisfy any judgment entered in Plaintiff's favor;

F.    Reasonable attorneys' fees and costs in prosecuting Plaintiff's fraudulent transfer claim; and

G.    Such other and further relief as this Court deems appropriate and just.

## COUNT VIII
### Fraudulent Transfer Under the Illinois Uniform Fraudulent Transfer Act - § 160/5(a)(1)

71.    Plaintiff hereby incorporates paragraphs 1 through 26 and 66-70 as though stated

13

herein.

72.     Plaintiff asserts this contingent claim against Defendants, Skaanz Enterprise, Inc. and Asif Rangoonwala, under Section 160/5(a)(1) of the IUFTA.

73.     Section 5(a)(1) of the IUFTA provides that a "transfer made…is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made…if the debtor made the transfer…(1) with actual intent to hinder, delay, or defraud any creditor of the debtor; and the debtor intended to incur, or believed or reasonably should have believed that he would incur, debts beyond his ability to pay as they became due." 740 ILCS § 160/5(a)(1)(B).

74.     Defendants Darbar Management, Inc. and Irfan Moten, transferred the Delhi Darbar Kabab House restaurant business and all of its assets to Defendants, Skaanz Enterprise, Inc. and Asif Rangoonwala, with actual intent to hinder, delay or defraud the Plaintiff in his effort to recover unpaid wages.

75.     Specifically, Defendants' transfer of the Delhi Darbar Kabab House restaurant was to an insider, Asif Rangoonwala, a former employee of the Delhi Darbar Kabab House restaurant; the transfer was concealed from Plaintiff and was not recorded or memorialized in any document or record; the transfer was of all of the assets of Defendant, Darbar Management, Inc.; there was no consideration of value exchanged for the transfer; Defendant Darbar Management, Inc. became insolvent as a result of the transfer; and, the transfer occurred shortly after Plaintiff filed his suit to collect unpaid wages.

76.     Furthermore, after Plaintiff filed his suit to collect unpaid wages, Defendants Darbar Management, Inc. and Irfan Moten, intended to incur, believed or reasonably should have believed that Darbar Management, Inc. would incur debts, including an adverse judgment for substantial unpaid wages due Plaintiff, beyond its ability to pay as they became due.

14

**WHEREFORE**, in the event Plaintiff obtains a money judgment on any of his claims in

Counts I-VI above, Plaintiff respectfully requests judgment to be entered in his favor and against

Defendants, Skaanz Enterprise, Inc. and Asif Rangoonwala, for the following:

A.    A finding that the transfer by Defendants Darbar Management, Inc. and Irfan Moten of the Delhi Darbar Kabab House restaurant business to Defendants Skaanz Enterprise, Inc. and Asif Rangoonwala was fraudulent as to the Plaintiff;

B.    An order voiding the transfer in order to satisfy any judgment entered in favor of the Plaintiff on Counts I-VI;

C.    Order Defendants, Skaanz Enterprise, Inc. and Asif Rangoonwala, to pay Plaintiff the sum of any judgment obtained together with post-judgment interest;

D.    Attaching any judgment obtained by Plaintiff on Counts I-VI against the Delhi Darbar Kabab House restaurant business until such judgment is satisfied;

E.    Enjoining any further transfer or disposition of the Delhi Darbar Kabab House restaurant business including any of its assets or revenue that could be used to satisfy any judgment entered in Plaintiff's favor;

F.    Reasonable attorneys' fees and costs in prosecuting Plaintiff's fraudulent transfer claim; and

G.    Such other and further relief as this Court deems appropriate and just.


Dated: May 21, 2020                                          Respectfully submitted,
                                                             Fructuoso Zavala-Alvarez,
                                                             Plaintiff



                                                             /s/ Timothy M. Nolan
                                                             _____
                                                             Attorney for the Plaintiff

Timothy M. Nolan (No. 6194416)
NOLAN LAW OFFICE
53 W. Jackson Blvd., Ste. 1137
Chicago, IL 60604
Tel (312) 322-1100
tnolan@nolanwagelaw.com


15

## CERTIFICATE OF SERVICE

I, Timothy M. Nolan, an attorney, do hereby certify that I have caused a true and correct copy of the foregoing Second Amended Complaint to be served upon the following via the CM/ECF System and/or direct email on May 21, 2020 before the hour of 3:00 p.m.:


Robert Habib
Marco A. Rodriguez
77 West Washington Street, Ste. 1507
Chicago, IL  60602
robhabib77@gmail.com



/s/ Timothy M. Nolan

_____