UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 13 |
| | ) | |
| Irfan Moten, | ) | Bankruptcy Case No 21 B 03418 |
| | ) | |
| Debtor. | ) | Judge Donald R. Cassling |

_____

| | | |
|---|---|---|
| Fructuouso Zavala-Alverez, | ) | |
| | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | Adversary Case Number 21 A 96 |
| | ) | |
| Irfan Moten, | ) | |
| | ) | |
| Defendant. | ) | |

## ANSWER TO AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY

Defendant, Irfan Moten, ("Moten"), by and through his attorneys, Paul M. Bach and Penelope N. Bach of Bach Law Offices, Inc., as and for his Answer to the Amended Adversary Complaint to determine the dischargeability of debt pursuant to 11 U.S.C. §523(a)(2), (a)(4) and (a)(6)[1] states as follows:

**PARTIES**

1.      Plaintiff, Fructuouso Zavala-Alvarez, is an individual who resides in Illinois, and is a former employee of the Delhi Darbar restaurant.

**ANSWER**:  Defendant, Irfan Moten admits the allegations contained in paragraph one of the Amended Complaint.

---

[1] On February 28, 2022, the court granted the Motion to Dismiss the Amended Complaint with respect to the Section 523(a)(2)(B) claim in Count I and denied the Motion to Dismiss the Amended Complaint with respect to the Section 523(a)(2)(A) claim in Count I and denied the Motion to Dismiss the Amended Complaint as to Count II.  Plaintiff has voluntarily dismissed Count III of the Amended Complaint.  As a result, no response is made as the Section 523(a)(2)(B) claim in Count I and Count III.

2. Debtor, Irfan Moten, at all relevant times, was the president and owner of Darbar Management, Inc., the entity operating the Delhi Darbar restaurant.

**ANSWER**: Defendant, Irfan Moten admits the allegations contained in paragraph two of the Amended Complaint.

## JURISDICTION AND VENUE

3. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1334 and venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**ANSWER**: Defendant, Irfan Moten admits the allegations contained in paragraph three of the Amended Complaint.

4. By Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois, the District Court has referred all bankruptcy cases to the Bankruptcy Court for initial determination, as permitted by 28 U.S.C. § 157(a).

**ANSWER**: Defendant, Irfan Moten admits the allegations contained in paragraph four of the Amended Complaint.

5. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I), and (O).

**ANSWER**: Defendant, Irfan Moten admits that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(I) but denies the remaining allegations contained in paragraph five of the Amended Complaint.

## FACTUAL BACKGROUND

6. Zavala worked at the Delhi Darbar restaurant for twenty (20) years, until May, 2019, as a dishwasher, cleaner, and food preparer. He regularly worked over forty hours a week.

**ANSWER**: Defendant, Irfan Moten admits that Zavala worked at the Delhi Darbar restaurant as a dishwasher, cleaner, and food preparer, and also as a bus boy, but denies the remaining allegations contained in paragraph six of the Amended Complaint.

7.      Believing he was improperly paid wages and overtime, Zavala filed suit against Darbar Management, Inc., and its owners and operators (including Debtor, individually) in the Northern District of Illinois, captioned *Zavala-Alvarez v. Darbar Management, Inc., et al.,* 19 C 4041, Hon. D. Seeger, presiding (the "Wage Claim Litigation"). Zavala seeks his unpaid wages, overtime pay and damages for violations of the Fair Labor Standards Act, 29 U.S.C. §201 *et seq* ("FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. ("IMWL"), and the Chicago Minimum Wage Ordinance, §1-24-0 ("CMWO"). A copy of the Second Amended Complaint in the Wage Claim Litigation is attached hereto as Exhibit 1.

**ANSWER**:  Defendant, Irfan Moten admits that a copy of the Second Amended Complaint in the Wage Claim Litigation is attached as Exhibit 1 but denies the remaining allegations contained in paragraph seven of the Amended Complaint.

8.      By virtue of his ownership and control over the restaurant business, his authority and control of employee schedules and conditions of payment, Debtor is an "employer" under each of the FLSA, IMWL, and CMWO.

**ANSWER**:  Defendant, Irfan Moten admits the allegations contained in paragraph eight of the Amended Complaint.

9.      Material issues in the Wage Claim Litigation included the revenue of the restaurant (which triggers enterprise liability), and the payment of wages to Zavala and others (which establishes violations and applicable damages).

**ANSWER**:  Defendant, Irfan Moten admits the allegations contained in paragraph nine of the Amended Complaint.

10.      Defendants, specifically including Debtor, did not participate in the Wage Claim Litigation in good faith. Instead, Debtor personally and deliberately fabricated the timecard records of Zavala by filling in fictitious information about days and hours worked. Debtor then produced

those fabricated timecards as evidence in the Wage Claim Litigation and falsely attested to their

authenticity on multiple occasions. Separately, Debtor also produced and proffered certain tax

returns and filings, which contained materially false information.

**ANSWER**:  Defendant, Irfan Moten admits that time cards, after the litigation commenced, were

fabricated although he believes the information contained as to hours and wages was correct.

Moten further admits he did attest to their authenticity.  Moten further states that upon retaining

new counsel, he did inform the court that the time cards were fabricated.  Moten denies the

remaining allegations contained in paragraph ten of the Amended Complaint.

11.     Magistrate Judge Fuentes, to whom the case was referred for discovery supervision,

held an evidentiary hearing over two separate days, ultimately exposing the fraud deliberately

perpetrated by Debtor upon Zavala and the Court. A copy of the Report and Recommendation,

dated January 25, 2021, is attached hereto as Exhibit 2.

**ANSWER**:  Defendant, Irfan Moten admits that a copy of the Report and Recommendation of

Magistrate Judge Fuentes, dated January 25, 2021 is attached as Exhibit 2.  Moten further states

he testified truthfully at the hearing before Judge Fuentes admitting to the fabrication of the time

cards.  Moten denies the remaining allegations in paragraph 11 of the Amended Complaint.

12.     The Magistrate catalogued the Debtor's sworn testimony contradicting prior sworn

testimony, and his "pattern of obfuscation, obstruction, and outright lies" that rendered "virtually

everything Zavala had been told in written and oral discovery about the nature and quality of

defendants' proof of his work hours and of the restaurant's revenue stream was false or wholly

unreliable." Exhibit 2, pg. 15.

**ANSWER**:  Defendant, Irfan Moten admits that a copy of the Report and Recommendation of

Magistrate Judge Fuentes, dated January 25, 2021 is attached as Exhibit 2 but denies the

remaining allegations contained in paragraph twelve of the Amended Complaint.

13.     Among the false testimony given by Debtor, individually, in the Wage Claim

Litigation, the Magistrate found that the Debtor:

> …testified on the witness stand that he was present during the fabrication of the Time Cards, and that his handwriting appears on some of them. This was an admission that Irfan Moten's own sworn verifications were false, that from the first set of discovery responses on November 4, 2019, through the supplemental responses on January 31 and February 13, 2020 and at least through his March 4, 2020 deposition testimony, he fully knew that no authentic time cards existed, and that the ones he and Darbar Management had produced were fabricated by him. Imran Moten, and Salim Moten in an effort to create a favorable record for purposes of the litigation. This was nothing short of perjury, designed to hide the fact that the Time Cards were fabricated and to foist those Time Cards upon plaintiff and the Court as genuine, credible evidence that plaintiff's work hours did not rise to a volume that would trigger the defendants' liability under the FLSA.

Exhibit 2, at p. 16-17. The Magistrate also catalogued at least *fifteen* other specific misrepresentations of facts made to the Zavala and therefore to the Court. Exhibit 2, at pages 11-13.

**ANSWER**:  Defendant, Irfan Moten admits that a copy of the Report and Recommendation of Magistrate Judge Fuentes, dated January 25, 2021 is attached as Exhibit 2.  Moten denies the remaining allegations contained in paragraph twelve of the Amended Complaint.

14.      As a sanction for the Debtor's perjury, the Magistrate recommended, and the District Court imposed, a bar against Debtor (and the company) from presenting any evidence related to the restaurant's income or payment of wages.  In addition, the Court invited Zavala to file a Fee Petition and later entered an order against Debtor (and the company) awarding Zavala's attorney's fees and costs incurred necessitated by Debtor's fraud. The fee award totaled $67,157.55.

**ANSWER**:  Defendant, Irfan Moten admits that the Magistrate Judge recommended and the District Court imposed a bar against the debtor from presenting any evidence and that a fee award was later entered.  Moten further states that other defendants, not sanctioned by Judge Fuentes, who were also sued as plaintiff's employers, have continued to contest Zavala's claims as to hours worked and wages paid, and the underlying case remains pending.  Moten denies the remaining allegations contained in paragraph fourteen of the Amended Complaint.

15.     The Wage Claim Litigation is proceeding as against all defendants; the automatic stay imposed by Section 362 was modified on June 10, 2021, to permit the Wage Claim Litigation to proceed to judgment against Debtor on all claims.

**ANSWER**:  Defendant, Irfan Moten admits the allegations contained in paragraph fifteen of the Amended Complaint.

16.     Both the underlying wages, overtime, and statutory penalties and fees sought in the Wage Claim Litigation, and the sanctions imposed by the District Court as a result of Debtor's perjury and fabrication of evidence therein, should be declared non-dischargeable by this Court.

**ANSWER**:  Defendant, Irfan Moten denies the allegations contained in paragraph sixteen of the Amended Complaint.

### <u>COUNT I : DENIAL OF DISCHARGEABILITY</u>
11 U.S.C 523(a)(2)

17.     The allegations of Paragraphs 1- 16 are incorporated herein as though set forth in full.

**ANSWER**:  Defendant, Irfan Moten restates the answers to paragraphs 1-16 as though set forth in full.

18.     Section 523(a) of the United States Bankruptcy Code provides that a discharge under 1328(b) does not discharge debts -

    (2)     for money, property or services to the extent obtained by:

        (A)     false pretenses, a false representation or actual fraud; or

        (B)     use of a statement in writing:

            i.     materially false;
           ii.     respecting the Debtor or insider financial condition;
         iii.     on which the creditor reasonably relied; and
         iv.     that the debtor provided with intent to deceive.

U.S.C. § 523(a)(2)(A) and (B).

**ANSWER**: Defendant, Irfan Moten admits the allegations contained in paragraph eighteen of the Amended Complaint.

19.     As the owner of Darbar, Debtor had a duty to comply with the FLSA, IMWL, and CMWO, and to pay Zavala at least the minimum hourly wage, plus additional compensation for overtime hours, as required by law.

**ANSWER**: Defendant, Irfan Moten admits the allegations contained in paragraph nineteen of the Amended Complaint.

20.     Debtor fraudulently underpaid Zavala each pay period for over four years in multiple ways—including but not limited to paying less than the required hourly minimum wage, and requiring Zavala to work in excess of 40 hours/week without paying any overtime compensation. Each payment of cash wages made by the Debtor to Zavala was improperly calculated and tendered to Zavala with the representation that the amount was correct. However, each and every check was substantially below the required hourly minimum wage.

**ANSWER**: Defendant, Irfan Moten denies the allegations contained in paragraph twenty of the Amended Complaint.

21.     Over the course of the four-year statutory period, Debtor repeatedly represented to Zavala that the amount Zavala was being paid complied with all applicable wage laws.

**ANSWER**: Defendant, Irfan Moten denies the allegations contained in paragraph twenty-one of the Amended Complaint.

22.     The difference between the amounts Debtor was obligated to pay to Zavala and the amounts actually paid (the "Unpaid Wages") was retained by, and for the benefit of, the Debtor.

**ANSWER**: Defendant, Irfan Moten denies the allegations contained in paragraph twenty-two of the Amended Complaint.

23.     Debtor obtained and retained Unpaid Wages in violation of the FLSA, IMWL, and

CMWO.

**ANSWER**: Defendant, Irfan Moten denies the allegations contained in paragraph twenty-three of the Amended Complaint.

24. Based upon the Debtor's representations and actions with respect to Zavala,

**ANSWER**: Defendant, Irfan Moten denies the allegations contained in paragraph twenty-four of the Amended Complaint.

25. Each knowingly improper wage payment made by the Debtor to Zavala was materially false in that:

   a. Each payment was intentionally made in the wrong amount;

   b. Each constituted a statement in respect of the restaurant's (an insider's) financial condition, on which Zavala reasonably relied; and

   c. Each was provided to Zavala with intent to deceive him into continuing to work for illegal wages.

**ANSWER**: Defendant, Irfan Moten denies the allegations contained in paragraph twenty-five of the Amended Complaint.

26. Based upon the foregoing actions, Debtor is not entitled to discharge under §523(a)(2)(B).

**ANSWER**: Defendant, Irfan Moten denies the allegations contained in paragraph twenty-six of the Amended Complaint.

Wherefore, Moten requests the Court enter an order denying Count I of Plaintiff's Complaint to deny Debtor's discharge of Zavala's claims under § 523(a)(2)(A) and § 523 (A)(2)(B), to order Plaintiff to pay Moten's attorney fees and costs and for any further relief the Court deems just.

### COUNT II: DENIAL OF DISCHARGEABILITY
11 U.S.C 523(a)(4)

27. The allegations of paragraphs 1- 26 are incorporated herein as if set forth in full.

**ANSWER**:  Defendant, Irfan Moten restates the answers to paragraphs 1-26 as though set forth in full.

28.     Section 523(a)(4) of the Bankruptcy Code provides that a discharge under §1328(b) does not discharge debts for fraud or defalcation while acting in fiduciary capacity, embezzlement or larceny.

**ANSWER**:  Defendant, Irfan Moten admits the allegations contained in paragraph twenty-eight of the Amended Complaint.

29.     Debtor stood in fiduciary capacity to Zavala, as sole owner of the corporation and the responsible party for calculation of payment of Zavala's wages. Zavala believed and trusted Debtor to properly pay his wages and overtime hours in compliance with applicable law.

**ANSWER**:  Defendant, Irfan Moten denies the allegations contained in paragraph twenty-nine of the Amended Complaint.

30.     Debtor defrauded Zavala by intentionally withholding the Unpaid Wages for his own benefit.  To the extend Debtor stood in a fiduciary capacity, Debtor is not entitled to discharge under § 523(a)(4).

**ANSWER**:  Defendant, Irfan Moten denies the allegations contained in paragraph thirty of the Amended Complaint.

Wherefore, Moten requests the Court enter an order denying Count II of Plaintiff's Complaint to deny Debtor's discharge of Zavala's claims under § 523(a)(4), to order Plaintiff to pay Moten's attorney fees and costs and for any further relief the Court deems just.

### COUNT III: DENIAL OF DISCHARGEABILITY
11  U.S.C 523(a)(6)

31.     The allegations of paragraphs 1- 30 are incorporated herein as if set forth in full.

**ANSWER**:  Defendant, Irfan Moten restates the answers to paragraphs 1-30 as though set forth in full.

32.     Section 523(a)(6) of the Bankruptcy Code provides that a discharge under §1328(b) does not discharge debts for willful and malicious injury by the debtor to another entity or to the property of another entity;

**ANSWER**:  Defendant, Irfan Moten denies the allegations contained in paragraph thirty-two of the Amended Complaint.

33.     The Debtor's conduct in regard to the Unpaid Wages, as set forth above, was intentional and intended to harm Zavala and benefit the Debtor. The Debtor's conduct constitutes willful and malicious injury to Zavala's claims and personal property.

**ANSWER**:  Defendant, Irfan Moten denies the allegations contained in paragraph thirty-three of the Amended Complaint.

34.     The Debtor's conduct in the Wage Claim Litigation was also intentionally undertaken with the intent to hinder, sabotage or deprive Zavala of the recovery of the Unpaid Wages. The sanction against the Debtor is *prima facie* evidence of the Debtor's willful and malicious injury to Zavala's Unpaid Wages and Zavala's claims in the Wage Claim Litigation.

**ANSWER**:  Defendant, Irfan Moten denies the allegations contained in paragraph thirty-four of the Amended Complaint.

35.     The Debtor is not entitled to discharge under Section 523(a)(6).

**ANSWER**:  Defendant, Irfan Moten denies the allegations contained in paragraph thirty-five of the Amended Complaint.

Wherefore, Moten requests the Court enter an order denying Count III (withdrawn by Plaintiff) of

Plaintiff's Complaint to deny Debtor's discharge of Zavala's claims under § 523(a)(6), to order Plaintiff

to pay Moten's attorney fees and costs and for any further relief the Court deems just.

Respectively Submitted,
Irfan Moten

BY: /S/ PAUL M. BACH
BACH LAW OFFICES, INC.
P.O. BOX 1285
NORTHBROOK, IL 60065
PHONE: (847) 564 0808